IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| June Kerr, | ) | C/A No.: 3:17-3109-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Hammond School, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Hammond School's ("Defendant" or "Hammond") Partial Motion to Dismiss (ECF No. 5). Plaintiff June Kerr ("Plaintiff" or "Kerr") brought this action, alleging violations of the Equal Pay Act, negligence, and breach of contract. (ECF No. 1). Pursuant to 28 U.S.C. § 626(b) and Local Civil Rule 73.02(B)(2), this matter was referred to a Magistrate Judge for review.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff served as the Director of Operations and Human Resources for Defendant for the 2016–2017 school year until her termination on May 16, 2017. (ECF No. 24 p. 1). Plaintiff filed a complaint on October 27, 2017, alleging breach of contract, negligence and a violation of the Equal Pay Act. *Id.* On November 16, 2017, Defendant filed a Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5). On November 30, 2017, Plaintiff responded to the Defendant's

1

Motion (ECF No. 11), and Plaintiff filed a reply on December 7, 2017 (ECF No. 13).

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") on February 22, 2018. (ECF No. 23). The Magistrate opines that Defendant's Partial Motion to Dismiss (ECF No. 5) should be granted. (ECF No. 23). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on March 8, 2018. (ECF No. 24). Therefore, this matter is ripe for review.

## II.    LEGAL STANDARD

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. , 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir.1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III. ANALYSIS

### A. OBJECTION 1

In Plaintiff's first objection, she argues that her "negligence claim, in so much as it concerns her termination, falls outside of the exclusivity provision" of the South Carolina Workers' Compensation Act (the "Act"). (ECF No. 24 p. 3). The Act provides the following:

> Employee's rights and remedies under title exclude all others against employer.
>
> The rights and remedies granted by this title to an employee when he and his employer have accepted the provisions of this title, respectively, to pay and accept compensation on account of *personal injury* or death by accident, *shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer*, at common law or otherwise, on account of such injury, loss of service or death. Provided, however, this limitation of actions shall not apply to injuries resulting from acts of a subcontractor of the employer or his employees or bar actions by an employee of one subcontractor against another subcontractor or his employees when both subcontractors are hired by a common employer.

S.C. Code Ann. § 42-1-540 (West 2018) (emphasis added). Thus, if Plaintiff suffered a personal injury, she cannot seek damages from her employer under the Act. The Act defines "personal injury" in the following way:

> (A) "Injury" and "personal injury" mean only injury by accident arising out of and in the course of employment and shall not include a disease in any form, except when it results naturally and unavoidably from the accident and except such diseases as are compensable under the provisions of Chapter 11 of this title. In construing this section, an accident arising out of and in the course of employment includes employment of an employee of a municipality outside the corporate limits of the municipality when the

employment was ordered by a duly authorized employee of the municipality.

S.C. Code Ann. § 42-1-160(A) (West 2018).

Plaintiff is seeking damages for non-physical injuries including "pain and suffering, mental and emotional distress, shock and humiliation, and stress and anxiety." (ECF No. 1-1 p. 12). Under Section 42-1-160(C), the Act provides the following regarding stress and mental injuries:

> (C) *Stress, mental injuries*, heart attacks, strokes, embolisms, or aneurisms arising out of and in the course of employment *unaccompanied by physical injury* are not considered compensable if they result from any event or series of events which are incidental to normal employer/employee relations including, but not limited to, personnel actions by the employer such as disciplinary actions, work evaluations, transfers, promotions, demotions, salary reviews, or terminations, except when these actions are taken in an *extraordinary and unusual manner*.

S.C. Code Ann. § 42-1-160(C) (West 2018) (emphasis added). Furthermore, the court in *Stokes v. First Nat. Bank*, 306 S.C. 46, 410 S.E.2d 248 (1991) determined that a mental injury resulting from non-physical stress constituted an "injury by accident" under the Act. *Stokes*, 306 S.C. at 50, 410 S.E.2d at 250.

Therefore, if Plaintiff suffered psychological harm in a usual and ordinary manner, the Act provides that she may seek damages from her employer. If, however, she suffered such harm in an extraordinary and unusual manner, then her injuries are covered under the Act, and she may not seek damages from her employer.

Plaintiff argues that termination did not occur in an unusual or extraordinary manner. Instead, she argues that it was "carried out in a relatively ordinary manner."

(ECF No. 24 p. 4). She attempts to distinguish her case from *Powell v. Vulcan Materials Co.*, 299 S.C. 325, 384 S.E.2d 725 (1989) and *Stokes v. First Nat. Bank*, 306 S.C. 46, 410 S.E.2d 248 (1991). Plaintiff argues that the Magistrate should not have relied upon these two cases to support his assertion that the condition of Plaintiff's employment, specifically her treatment and termination, was "extraordinary and unusual" within the meaning of the Act.

In *Stokes*, the claimant's work hours increased from approximately 45 hours per week to 60 hours per week in January 1984; his workdays increased to approximately twelve to fifteen hours a few months later; and his workdays subsequently increased to sixteen to eighteen hours a day a few months after that. *Stokes*, 306 S.C. at 48, 410 S.E.2d at 249. The increase in work hours came about after the company entered a merger and one of the managers resigned. *Id.* The Supreme Court of South Carolina affirmed the South Carolina Court of Appeal's holding: that the "unusual and excessively increased workload constituted an unusual and extraordinary condition of employment which rendered [the claimant's] resulting nervous breakdown a compensable accident." *Id.* at 50, 410 S.E.2d at 250. Thus, the court found that the claimant's mental injury that resulted from non-physical stress incident to unusual and extraordinary work conditions, in the form of excessively increased work demands, constituted an "injury by accident" under Workers' Compensation Law. *Id.* at 50, 410 S.E.2d at 250; *see* S.C. Code Ann. § 42-1-160.

Similarly, in *Powell v. Vulcan*, the Supreme Court of South Carolina held that a plaintiff's mental injury was an "accidental injury incident to an unusual and extraordinary condition of employment" where the plaintiff engaged in a "heated altercation" with his supervisor and subsequently developed depression and anxiety, which his psychiatrist determined was a result of the altercation. *Powell*, 299 S.C. at 326–28, 384 S.E.2d at 725–27. The court determined that the mental injury was compensable under South Carolina Workers' Compensation Law. The court relied upon the following facts in holding that the injuries were "incident to an unusual and extraordinary condition of employment" and thus compensable:

> [Plaintiff's] psychiatrist testified, and the single commissioner found, that [Plaintiff's] mental injury resulted directly from emotional stress brought on by the confrontation with [Plaintiff's Supervisor]. [Plaintiff] was described by himself and others as a conscientious and dedicated worker. Substantial evidence in the record demonstrates, however, that during the altercation, [Plaintiff's Supervisor] questioned [Plaintiff's] word; accused [Plaintiff] of poor maintenance performance; followed [Plaintiff] to a tool shed and told [Plaintiff] he would not receive credit for previously earned vacation time if he quit; and threatened to call the police and have [Plaintiff] removed from company property. Substantial evidence also supports the finding that the altercation was totally unexpected by all parties, that no similar incident had ever occurred, and that [Plaintiff] had suffered no previous mental or nervous disorders.

*Id.* at 328, 384 S.E.2d at 726–27.

In the present case, the Plaintiff alleges she suffered non-physical injuries as a result of a confrontation with her supervisor, much like the plaintiff in *Powell*. Plaintiff's supervisor engaged her in a confrontational and harsh manner like the

supervisor engaged the plaintiff in *Powell*. For example, Plaintiff states the following in her Complaint:

> Plaintiff was . . . often reminded that she was an outsider with respect to Defendant's culture and was frequently told "This is Hammond," implying that Defendant was entitled to play by a separate set of rules and norms than public schools or comparative industries. . . . Leaphart unnecessarily confronted Plaintiff . . . . Leaphart condescendingly retorted, "This is Hammond." Leaphart also accused Plaintiff of lying . . . . Leaphart, in the presence of another employee, terminated Plaintiff at [a] meeting.

(ECF No. 1-1 p. 7, 9). When Plaintiff asked why she was being terminated, she was told that she was a "poor fit" and that she "could not grasp the concept of private schools." *Id.* at 9.

Moreover, Plaintiff alleges that "Defendant was grossly negligent in supervising Candice Leaphart," the confrontational supervisor and the School's Chief Operations Officer, "allowing her to behave in an arbitrary, capricious, and retaliatory manner toward Plaintiff." (ECF No. 1-1 p. 11). Plaintiff cannot allege the above facts while maintaining that the conditions of her employment and termination were not "extraordinary and unusual." The non-physical injuries Plaintiff complained about resulted from extraordinary and unusual events and circumstances that occurred during the course of and as a result of her employment. Therefore, the Magistrate's finding was correct, and Plaintiff's objection is unfounded.

## B.    OBJECTION 2

In her next objection, Plaintiff claims that "the Court should have recommended, rather than wholesale dismissal, that Plaintiff be ordered to amend her claim to strike any compensable damages." (ECF No. 24. p. 5). Specifically, Plaintiff claims that the Magistrate should have permitted her to "amend her claim to strike any compensable damages." (ECF No. 24 p. 2).

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within . . . (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed.R.Civ.P. 15(a)(1)(A), (B) (West 2018).

Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent[2] or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Fourth Circuit Court of Appeals has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Futility is apparent if the proposed amended complaint fails to

---

[2] The Defendant does not consent to Plaintiff's informal request to amend the Complaint. (ECF No. 27 p. 9 n.2).

state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

The Magistrate noted, "the plaintiff does not limit her alleged injuries solely to her termination from employment. Rather, the plaintiff's allegations make clear that the injuries resulted from the alleged actions of the defendant during the course of her employment with the defendant." (ECF No. 23 p. 6). If Plaintiff were permitted to strike compensable damages or non-termination allegations, the Complaint would still include the claim that the "Defendant was grossly negligent" and the Defendant's negligence was "willful and wanton." (ECF No. 1-1 p. 11–12). Moreover, "a termination necessarily arises out of the employment relationship" for purposes of the South Carolina Workers Compensation Act. *Taylor v. Science Applications Intern. Corp.*, No. 2:12-0659-RMG-BM, 2012 WL 5292900, at *11 (D.S.C. Aug. 14, 2012), *R&R adopted by* 2012 WL 5301333 (D.S.C. Oct. 25, 2012) (citing *Rogers v. Piggy Wiggly Carolina Co., Inc.*, No. 09-2016-MBS-BM, 2009 WL 4985813, at * 4 (D.S.C. Dec. 14, 2009)).

Plaintiff's termination would still be "extraordinary and unusual," regardless of whether Plaintiff struck compensable damages and non-termination allegations from the Complaint. Thus, Plaintiff's proposed amendments would be futile because the South Carolina Workers' Compensation Act would still bar the Plaintiff's negligence claims.

Moreover, Plaintiff has not pointed to any facts that would bring her claims within an exception to the exclusivity provisions of the Act. The Act provides the following:

> The rights and remedies granted by this title to an employee when he and his employer have accepted the provisions of this title, respectively, to pay and accept compensation on account of *personal injury* or death by accident, *shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer*, at common law or otherwise, on account of such injury, loss of service or death.

S.C. Code Ann. § 42-1-540. In *Cason v. Duke Energy Corp.*, 348 S.C. 544, 560 S.E.2d 891 (2002), the Supreme Court of South Carolina noted,

> The only *exceptions* to the exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer (§ 42-1-540); (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego [*Dickert v. Met. Life Ins. Co.*, 311 S.C. 218, 428 S.E.2d 700 (1993)]; (3) where the tort is slander and the injury is to reputation [*e.g.*, *Loges v. Mack Trucks, Inc.*, 308 S.C. 134, 417 S.E.2d 538 (1992)]; or (4) where the Act specifically excludes certain occupations [S.C. Code Ann. §§ 42-1-350 through -375 (1976 and Supp. 2000)].

*Cason*, 348 S.C. at 547, 560 S.E.2d at 893 n.2 (emphasis added).

The Plaintiff's proposed amendments would not bring her negligence claims within one of the limited exceptions to § 42-1-540. Additionally, Plaintiff's

proposed amendments would be futile. Therefore, the Plaintiff's second objection is unfounded.

## C. OBJECTION 3

In her third objection, Plaintiff argues that her claims should fall under an exception to the exclusivity provision of the Act. (ECF No. 24 p. 6). Plaintiff essentially claims that the Magistrate wrongfully relied on *Cason v. Duke Energy* in determining Plaintiff's claims did not fall under any of the exceptions to the exclusivity provision of the Act and that *Cason v. Duke Energy* should "yield to the persuasive authority cited by Plaintiff." *Id.* at 7. Plaintiff relies on the following three cases in support of her assertion: *Hand v. SunTrust Bank, Inc.*, No. 6:11-cv-00501-JMC, 2012 WL 3834859 (D.S.C. Sept. 4, 2012); *Colleton v. Charleston Water Sys.*, 225 F. Supp. 3d 362, 373–74 (D.S.C. 2016); *Fotia v. Palmetto Behavioral Health*, 317 F. Supp. 2d 638 (D.S.C. 2004).

The Magistrate stated in the Report that *Colleton* and *Hand* "are distinguishable" from Plaintiff's case. (ECF No. 23 p. 5). Plaintiff has not provided any new arguments as to why *Colleton* and *Hand* are not distinguishable. Instead, she simply reasserts arguments already addressed by the Magistrate and cites to the same legal authorities. This does not constitute a specific objection. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017) (noting that a specific objection to the Magistrate's Report requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities).

Moreover, *Fotia* is distinguishable from the present case in several ways. The plaintiff in *Fotia* brought an action for retaliatory discharge under the Emergency Medical Treatment and Active Labor Act. *Fotia*, 317 F. Supp. 2d at 641. The court in *Fotia* found that the plaintiff's injury, emotional distress, "occurred as a result of [the plaintiff's] termination and is outside of the scope of employment." *Id.* at 645. However, in a footnote, the court noted that the Defendant had not even agreed that the plaintiff was an employee. *Id.* at 645 n.9. Furthermore, the court's holding was specific to an action for retaliatory discharge, not a negligence claim. *Id.* at 645 (emphasis added) ("Simply put, it is well settled that the exclusivity provisions of workers' compensation do not bar a former employee's suit against an employer for *retaliatory discharge*."). Therefore, *Fotia* is distinguishable from the present case.

Finally, in Plaintiff's third objection, she asserts that the court's footnote in *Cason* "misstated" *Loges v. Mack Trucks, Inc.*, 308 S.C. 134, 417 S.E.2d 538 (1992). The court in *Cason* noted that there is an exception to the exclusivity provision of the Act "where the tort is slander and the injury is to reputation." *Cason*, 348 S.C. at 547, 560 S.E.2d at 893 n.2. Plaintiff essentially argues that the exception was incorrect and that the court in *Cason* should have applied the exception to a negligence claim rather than a slander claim. (ECF No. 24 p. 6 n.2). The court in *Loges* clearly found that "slander actions," specifically, "are not barred by the Act's exclusivity provision since the gravamen of a slander action is injury to one's reputation, although damages for emotional injuries are recoverable under the Act." *Loges*, 308 S.C. at 136, 417 S.E.2d at 540. The court held

that the claim regarding the Defendant's negligence, "to the extent" that it was "the proximate cause of injury arising *from the slanderous conduct*," was not barred by the Act. *Id.* at 137, 417 S.E.2d at 540 (emphasis added).

Here, plaintiff has not alleged defamation or slander. The slander exception to the exclusivity provision of the Act is thus not available to Plaintiff. Therefore, Plaintiff's argument is without merit.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's Report and Recommendation (ECF No. 23), and the Defendant's Partial Motion to Dismiss (ECF No. 5) is granted.


IT IS SO ORDERED.

Joseph F. Anderson, Jr.

April 11, 2018                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge